**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
RASHAD FRAZIER

                                Plaintiff,

                 -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NY CITY POLICE OFFICERS
FRANK SARRICA & SEAN FINNEGAN in their individual
and official capacities as employees of the New York City Police
Department

                                   Defendants.
-------------------------------------------------------------------------------X

**2nd AMENDED COMPLAINT AND JURY DEMAND**

13-cv-773 (RRM)(CLP)

The Plaintiff, by his attorney, Paul V. Prestia, Esq., of The Prestia Law Firm, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officers FRANK SARRICA and SEAN FINNEGAN, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over

1

those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendants The City of NY, and Police Officers, have their Precincts within the boundaries of the said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendants Police Officers Frank Sarrica and Sean Finnegan (hereinafter SARRICA and FINNEGAN, respectively), were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

**FACTUAL ALLEGATIONS**

11. According to information and belief, at the time of this incident Plaintiff was a resident of Kings County, NY.

12. On November 29, 2012 at approximately 6:00 a.m., plaintiff was inside of 1590 East New York avenue.

13. Plaintiff was asleep in his friends bedroom when without cause or justification or permission defendants FINNEGAN and SARRICA entered the above-apartment with their guns drawn.

14. Defendants entered the bedroom where plaintiff was sleeping.

15. Defendant officer SARRICA twisted plaintiff Frasier's arm, pushed defendant Frasier to the ground and placed his knew in plaintiff's back while handcuffing plaintiff. Defendant officer SARRICA pulled down plaintiff's Frasier's pants and underpants.

16. Plaintiff was placed under arrest by defendant Finnegan and driven in a police car and then taken to the 73rd precinct.

17. Plaintiff was transported to Central Booking, Kings County, NY.

18. Plaintiff was released from Central Booking, Kings County at approximately 3:00 a.m. on December 1, 2012 without charges being filed against them. The Kings County District Attorney's Office declined prosecution.

19. Plaintiff was in custody for approximately 45 hours.

20. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

21. Plaintiff suffered physical injuries to his back and knee.

## FIRST CAUSE OF ACTION

### (False Arrest Under Federal Law)

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 of this complaint as if fully set forth herein.

23. The acts and negligence of the Defendant Officers SARRICA and FINNEGAN, committed under color of law and under their authority as City of New York police officers, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff. The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

24. As a consequence thereof, Plaintiff was injured and claim damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION

### (False Arrest Under State Law)

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24 of this complaint as if fully set forth herein.

26. The acts of the Defendants, acting under color of law, in arresting, physically assaulting, verbally abusing, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiffs, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to plaintiffs in violation of their rights to be free from unreasonable search and seizure, to equal protection of the laws, and to not be deprived of his liberty without due process of law, as guaranteed by Article I, Sections 6, 11, and 12 of the Constitution of the State of New York.

27. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

### THIRD CAUSE OF ACTION

### (Federal Civil Rights Violation)

28. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 27 of this complaint as if fully set forth herein.

29. The acts and negligence of the defendant Officers SARRICA and FINNEGAN, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, who is African-American, were motivated by racial animus, were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

30. As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

### (Monell)

31. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 30 of this complaint as if fully set forth herein.

32. On information and belief, prior to and including November 29, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

33. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

34. On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

35. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

36. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the

Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

38. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

39. As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

# REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered as follows:

1. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2. A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4. Compensatory damages against all defendants in an amount to be determined by a jury;

5. By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

6. An award to Plaintiff of the costs and disbursements herein;

7. An award of attorney's fees under 42 U.S.C. § 1988;
8. Such other and further relief as this Court may deem just and proper.

Dated: June 2, 2014
      New York, New York

/s/
_____
Paul V. Prestia, Esq.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
212.430.6313
pprestia@prestialaw.com
Attorney for Plaintiff